IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Derrick Lewis, | ) | C/A No. 0:14-4261-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Lancaster County Economic Development | ) | |
| Corporation; Keith Tunnell; Ryan | ) | |
| Wetherington, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Derrick Lewis, filed this employment action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; and 42 U.S.C. § 1981, against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss any individual claims Lewis may be attempting to assert against Defendants Tunnel and Wetherington. (ECF No. 8.) The plaintiff filed no opposition to the defendants' motion.

Having reviewed the defendants' submissions and the applicable law, the court concludes that the defendants' motion is well supported in the law and, for the reasons stated therein, recommends that their motion be granted. See generally Lissau v. So. Food Serv., Inc., 159 F.3d 177 (4th Cir. 1998) (holding that there is no individual liability under Title VII); Jones v. Sternheimer, 387 F. App'x 366 (4th Cir. 2010) (holding that Title VII, the ADA, and the ADEA do not provide for causes of action against individuals); Weathersbee v. Baltimore City Fire Dep't, 970 F. Supp. 2d

418, 426 (D. Md. 2013) (holding that individuals may be liable under 42 U.S.C. § 1981 if they are supervisors who intentionally cause the employer to infringe a right secured by § 1981).[1]

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 28, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] If this recommendation is adopted by the assigned district judge, only Lewis's claims against Lancaster County Economic Development Corporation and a § 1981 claim against Tunnell (if asserted) would remain before the court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).