IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Derrick Lewis, ) | |
| ) | C/A No. 0:14-4261-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Lancaster County Economic Development ) | |
| Corporation; Keith Tunnell; and Ryan ) | |
| Wetherington, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Derrick Lewis brings this action against his former employer, Lancaster County Economic Development Corporation (LCEDC); his former supervisor, Keith Tunnell; and his former co-worker, Ryan Wetherington, alleging he was discriminated against and subjected to a retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (First Cause of Action), and 42 U.S.C. § 1981 (Second Cause of Action); and in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (Third Cause of Action). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

This matter is before the court on Defendants' motion to dismiss, which motion was filed on December 19, 2014. See Fed. R. Civ. P. 12(b)(6). Defendants contend that Plaintiff fails to state a claim as to Defendants Tunnell and Wetherington under Title VII and the ADEA, because the law does not provide for individual liability under these statutes. See, e.g., Jones v. Sterneimer, 387 F. App'x 366 (4th Cir. 2010). Defendants also assert that Plaintiff fails to state a claim against Defendant Wetherington under § 1981 because only supervisors, and not co-workers, may be held

individually liable under this statute.  See Weathersbee v. Baltimore City Fire Dep't, 970 F. Supp. 2d 418 (D. Md. 2013).  Plaintiff filed no response in opposition to Defendants' motion to dismiss.

On January 28, 2015, the Magistrate Judge filed a Report and Recommendation in which she recommended that Defendants' motion to dismiss be granted.  Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court adopts the Report and Recommendation and incorporates it herein by reference.  For the reasons stated herein and in the Report and Recommendation, Defendants' motion to dismiss is **granted**.  Accordingly, Plaintiff may proceed against LCEDC only as to his First Cause of Action; as to LCEDC and Tunnell only as to his Second Cause of Action; and as to LCEDC only as to his Third Cause of Action.  Defendant Wetherington is **dismissed** as a Defendant, without prejudice.  The within action is recommitted to

the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED**.

                                           /s/ Margaret B. Seymour
                                           Senior United States District Judge

Columbia, South Carolina

March 11, 2015